WENDY HALLE, Indiv. and as Mother and Next Friend of Kristin Halle, Plaintiff-Appellant, v. JOSEPH S. ROBERTSON, Defendant-Appellee (Farmers Insurance Group of Companies, Garnishee-Defendant).

Second District   No. 2—91—0001

Opinion filed October 4, 1991.

Paul R. Wilson, Jr., of Wilson & Lanto, P.C., of Rantoul, for appellant.

D. Kendall Griffith, Bruce L. Carmen, and Stephen R. Swofford, all of Hinshaw & Culbertson, and Michael F. Henrick, both of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff appeals from an order granting defendant's petition to vacate a default judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). Plaintiff contends that the trial court abused its discretion in granting the requested relief. We disagree and affirm.

On March 15, 1990, Wendy Halle, individually and as mother and next friend of Kristin Halle (plaintiff), filed a complaint against Joseph S. Robertson (defendant). In her complaint, plaintiff alleged that on July 4, 1988, defendant negligently operated his motorcycle and collided with plaintiff's automobile on the Amstutz Expressway in Waukegan, Illinois. Plaintiff sought recovery for personal injuries to herself and her daughter, Kristin, who was a passenger at the time. In addition, plaintiff sought to recover property and punitive damages.

On April 12, 1990, the Lake County sheriff allegedly served defendant by substitute service. Defendant's mother received the summons. Defendant then tendered the complaint to his liability insurer, Illinois Farmers Insurance Company (Farmers). Farmers is a group of insurance companies. Mid Century Insurance Carrier, located in Rolling Meadows, is a member of this group and is the carrier of Mr. Robertson's policy.

During a phone conversation on June 28, 1990, defendant's counsel told plaintiff's counsel that an appearance would be made as soon as proper service of process could be verified.

On July 19, 1990, during the special progress call, plaintiff obtained an order of default against defendant on the ground that defendant failed to appear or plead within the proper time. The trial court set the case for a jury trial prove up of damages on August 3, 1990. Plaintiff's counsel admits that he was aware defendant's counsel might file a special and limited appearance to contest service. Plaintiff's counsel also admits that on the date the default was obtained he saw defendant's counsel in the courtroom. Counsel further admits knowledge of defense counsel's possible involvement with the case, but denies having knowledge of defense counsel's intentions with respect to the case on the day of the special progress call. The court was not informed of defense counsel's involvement in the case.

At the jury trial prove up on August 3, 1990, again in the absence of defense counsel, plaintiff obtained a verdict for $148,240. This award included damages for personal injuries sustained by both Wendy and Kristin Halle, damages to property owned by Wendy Halle, and punitive damages for defendant's wilful and wanton conduct. Plaintiff sent a "notice of default" to defendant 31 full days after the jury verdict.

On August 15, 1990, the circuit clerk issued a garnishment citation against Farmers. The citation stated that Farmers was indebted to plaintiff in the full amount of plaintiff's judgment. Plaintiff delivered the garnishment to the Kane County sheriff 21 full days after it was issued. The next day, the garnishment was served on the Farmers Insurance Group in Aurora, Illinois. On October 16, 1990, a conditional judgment by default was taken against Farmers because Farmers failed to answer the garnishment.

On October 26, 1990, Robertson filed a petition for relief from the default judgment, and on November 5, Farmers moved to vacate the conditional judgment and garnishment. The court granted Robertson's petition and vacated the default judgment, finding that (1) defendant had a "meritorious defense to the claim for punitive damages and a meritorious defense to the amount of [compensatory damages]," (2) defendant acted with due diligence in filing the section 2—1401 petition for relief, and (3) principles of equity justified a decision vacating the default judgment as to the liability for actual damages. Farmers' petition to vacate the conditional judgment was also granted.

The trial court made several important findings with respect to the events described above. First, in connection with the proceedings surrounding the default hearing, the court found that it was not advised that there had been any discussions between the parties' counsels. The court also found that it was not told defense counsel was in court on the date

the default was entered and that it was not apprised of defense counsel's involvement in the case.

Next, in connection with the jury trial prove up, the court found that there was an incorrect recitation of evidence regarding the posted speed limit, that there was a request for damages for which plaintiff had already received compensation, and that inadmissible evidence of a contingent fee arrangement was presented to the jury.

Finally, the court found that plaintiff failed to notify defendant of the entry of the default judgment in a timely manner, that plaintiff failed to place the garnishment summons for service in a timely manner, and that plaintiff failed to conform to section 2—604.1 (Ill. Rev. Stat. 1991, ch. 110, par. 2—604.1) with respect to the proper procedures for pleading punitive damages in actions based on negligence.

■■ A section 2—1401 petition is initially addressed to the sound discretion of the trial court. Its decision on the matter should be reversed only in the case of an abuse of discretion. (*Bonanza International, Inc. v. Mar-Fil, Inc.* (1984), 128 Ill. App. 3d 714, 718.) The court below exercised its discretion and ruled that the vacation of the default judgment was justified when considered in light of the actions of plaintiff's counsel along with the due diligence of the defendant. Based on case law and principles of equity, we agree.

■■ The general rule is that a section 2—1401 petition for relief must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition. *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221.

Plaintiff argues that defendant failed to meet these requirements in its section 2—1401 petition. First, plaintiff argues that defendant failed to plead a meritorious defense. A meritorious defense is one which, if believed by the trier of fact, would defeat plaintiff's claim. *Cunningham v. Miller's General Insurance Co.* (1989), 188 Ill. App. 3d 689.

■■ Defendant's petition for section 2—1401 relief sets out several meritorious defenses. For example, it denies negligence on the part of defendant, by disputing the speed limit alleged by plaintiff and disputing the alleged speed of defendant. The petition also denies wilful and wanton conduct on the part of defendant and alleges that damages awarded were well beyond those properly proved.

These defenses were buttressed by affidavits that provided factual support. The defenses are not mere conclusions that defendant is not liable, but, rather, they are allegations of relevant facts that could support a judgment in defendant's favor. (*People v. Smith* (1989), 188 Ill. App. 3d

387, 393.) If these defenses were believed by the trier of fact, they would serve to defeat the plaintiff's claim in its entirety. Therefore, the court acted within its discretion when it held that defendant had a meritorious defense to the claim for punitive damages and a meritorious defense to the amount of damages overall.

Plaintiff next argues that defendant failed to exercise due diligence in defending its cause in the trial court. According to our supreme court, due diligence requires a reasonable excuse for failing to act within the appropriate time. A party relying on section 2—1401 must show that he failed to appear because of an excusable mistake and not because of his own fault or negligence. In determining the reasonableness of the excuse offered by the petitioner, *all* of the circumstances attendant upon entry of the judgment must be considered, *including* the conduct of the litigants and their attorneys. *Airoom*, 114 Ill. 2d at 222.

The court below found that defendant failed to show an exercise of due diligence in presenting the meritorious claims at the time of trial. However, as the court notes, even in the absence of due diligence in responding to the complaint, equity, justice and good conscience can require that a default judgment be vacated. *Bonanza International*, 128 Ill. App. 3d at 719.

One of the guiding principles in the administration of section 2—1401 relief is that "the petition invokes the equitable powers of the circuit court, which should prevent enforcement of a default judgment when it would be unfair, unjust, or unconscionable." *Airoom*, 114 Ill. 2d at 225.

It is not up to the court in a section 2—1401 petition to determine the ultimate outcome of the proceeding. (*Cunningham v. Miller's General Insurance Co.* (1989), 188 Ill. App. 3d 689, 693.) Instead, a section 2—1401 petition should be used to prevent the enforcement of an unfair or unjust judgment. *Airoom*, 114 Ill. 2d at 225; *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613; *Gluth Brothers Construction, Inc. v. Union National Bank* (1989), 192 Ill. App. 3d 649, 653.

In *Airoom* (114 Ill. 2d 209), the supreme court upheld a lower court's order denying a petition to vacate a default judgment. The court weighed the equities and explained that there were no attendant circumstances of unfairness, *i.e.*, execution of the default judgment was not inequitably delayed, the judgment was in line with the special damages, and the defendant disregarded normal court procedures on the gamble that better results could be obtained through negotiation.

In *Elfman* (27 Ill. 2d 609), the supreme court held that the trial court abused its discretion and reversed the trial court's denial of a section 2—1401 petition to vacate. The *Elfman* court also weighed the equities, but came to the conclusion that justice dictated a granting of the petition. The

court explained that execution on the judgment was deliberately delayed for more than 30 days and evidence of damages that exceeded the specials was introduced at trial to the extent that an unfair advantage was worked upon the defendant and the court. The court then remanded the cause in order to give defendant an opportunity to appear and defend on the issue of damages.

■ Here, as previously stated, the court was not advised that there had been any discussions between the parties' counsel, nor was it told that defense counsel was in court on the date the default was entered, nor was it apprised of defense counsel's involvement in the case. In addition, there was an incorrect recitation of evidence regarding the posted speed limit; there was a request for damages for which plaintiff had already received compensation; inadmissible evidence of a contingent fee arrangement was presented to the jury; plaintiff failed to notify defendant of the entry of the default judgment in a timely manner; plaintiff failed to place the garnishment summons for service in a timely manner; and plaintiff failed to conform to section 2—604.1 (Ill. Rev. Stat. 1989, ch. 110, par. 2—604.1) with respect to the proper procedures for pleading punitive damages in actions based on negligence. These are clearly sufficient grounds to support the court's decision that principles of equity dictated a granting of the section 2—1401 petition for relief from default judgment.

In the present case, the court held that the actions of plaintiff justify a vacation of the punitive and compensatory damage award *as well as* the default judgment for the entire underlying liability. This court has previously granted such relief. *Bonanza*, 128 Ill. App. 3d 714.

The third element of the *Airoom* test requires due diligence in filing the section 2—1401 petition. Since the trial court found that the defense filed the section 2—1401 petition with due diligence, and since plaintiff does not raise the issue on appeal, we will not address it here.

■ Finally, plaintiff argues that the court improperly entered orders on matters which were not before it when it struck the punitive damage claim from the complaint. We find the court's actions in this respect to be proper. According to section 2—604.1 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—604.1), a complaint should not be filed containing a prayer for punitive damages without prior leave of court.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

DUNN and UNVERZAGT, JJ., concur.