LEE FIALA *et al.*, Plaintiffs-Appellees, v. ROBERT SCHULENBERG *et al.*, Defendants (Century 21 Petros Real Estate, Inc., Defendant-Appellant).

First District (5th Division)   No. 1—92—3430

Opinion filed December 10, 1993.

Irwin S. Marks and Joseph D. Motto, both of Chicago, for appellant.

John S. Graettinger, Jr., of Chicago, for appellees.

JUSTICE COUSINS delivered the opinion of the court:

Defendant, Century 21 Petros Real Estate, Inc. (Century 21), appeals from a denial of a petition brought pursuant to section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401) seeking relief from a judgment entered in favor of plaintiffs, Lee and Leona Fiala (Fialas). The Fialas entered into a

contract with Robert and Rose Schulenberg (Schulenbergs), defendants-cross-plaintiffs, to purchase real estate. Plaintiffs deposited $15,000 in earnest money with Baird and Warner Real Estate, Inc. (Baird and Warner), the listing broker. Century 21 was the cooperating broker. The purchase was not completed and plaintiffs filed a complaint seeking the return of the $15,000 earnest money deposit. Baird and Warner obtained leave of court to deposit the $15,000 plus accrued interest with the clerk of the court. The Schulenbergs and Baird and Warner were dismissed as parties to the action upon stipulation that Baird and Warner would pay $7,500 to the Schulenbergs and $11,139.05 to plaintiffs from the escrowed funds. The matter was assigned to the arbitration calendar. Century 21 failed to appear at an arbitration hearing on February 25, 1991, and an award and judgment were entered in favor of the Fialas and against Century 21 in the amount of $9,500.

On appeal, Century 21 argues that the judgment of the trial court denying section 2—1401 relief should be set aside because:

(1) an erroneous requirement of the clerk of the court resulted in the denial of a motion to vacate the judgment;

(2) a default judgment can be vacated even in the absence of diligence where a defendant has a meritorious defense and actively pursues attempts to vacate a judgment order; and

(3) the judgment was entered under circumstances which are unfair, unjust and unconscionable.

We reverse and remand.

BACKGROUND

Although Century 21 has not provided this court with a certified report of proceedings or an agreed statement of facts, the common-law record is sufficiently complete to provide for a full consideration of the facts and circumstances involved in this appeal.

The common law record discloses that, on October 16, 1987, plaintiffs filed a complaint seeking reimbursement of $15,000 in earnest money from the Schulenbergs when a contract to purchase real estate was not completed. The Schulenbergs filed an answer and counterclaim and Baird and Warner filed an answer. Century 21 never filed an answer to the complaint. On August 9, 1990, a default judgment was entered against the Schulenbergs and a prove up hearing regarding this default was set for August 23, 1990. The Schulenbergs filed a section 2—1301 motion to vacate the default judgment on August 23, 1990, and the default judgment was vacated on September 4, 1990. Also entered on September 4, 1990, was an order allowing Baird and Warner to deposit the escrow funds ($15,000

plus interest accrued thereon) with the clerk. On October 19, 1990, the plaintiff moved to set the matter for arbitration and an order was entered transferring the case to the mandatory arbitration call. On November 30, 1990, an order was entered that Baird and Warner pay $7,500 to the Schulenbergs and $11,139.05 to plaintiffs out of the escrow funds being held in escrow and the Schulenbergs and Baird and Warner were dismissed from the action with prejudice.

An arbitration hearing was set for February 25, 1991. Century 21 failed to appear and the arbitrators entered an award in the amount of $9,500 against Century 21 and in favor of plaintiffs. On March 25, 1991, Century 21 filed a motion to vacate the arbitration award and/or to vacate the judgment entered pursuant to the arbitration award. On the same date, Century 21 also filed a notice of rejection of the award. On April 16, 1991, plaintiffs filed a motion to strike Century 21's motion to vacate the arbitration award for want of jurisdiction and Century 21 responded on April 24, 1991. On April 2, 1991, an order was entered continuing the hearing on the motion to vacate the arbitrator's award to May 1, 1991. On April 8, 1991, the trial court entered judgment on the award of the arbitrators.

Century 21, on May 10, 1991, filed an amended motion to vacate judgment "pursuant to Rules 86 and 91 of the Rules of the Supreme Court of Illinois; and sections 2—1301 and 2—1401 of the Illinois Code of Civil Procedure." Allegations made by Century 21, in this motion, included the following:

"(2) on the 25th day of March, 1991, [Century 21] sought to file a motion to vacate said arbitration award, and any judgment which may have been entered pursuant thereto, and was advised by the clerk of the circuit court of Cook County, Illinois, that in order to file the said motion he must file a notice of rejection of the said arbitration award[;]

(3) though the action appeared contrary to the rules as provided, [Century 21] filed the notice of rejection together with the motion to vacate arbitration award and/or judgment entered pursuant thereto[;]

(4) that at the time the said motion came in for hearing before the court, the judge advised that he would not entertain the said motion as the moving defendant did not have standing to file a notice of rejection of said award ***[;]

(5) that since the date of the filing of the said motion to wit: on or about April 8, 1991, a judgment was entered pursuant to the said arbitration award[;]

(6) that this motion is filed as an amendment to the previous motion heretofore filed herein; that if the said motion is considered to be an original filing, and not one which relates back to the

filing theretofore made herein, then this motion is brought pursuant to section 2—1401 of the Illinois Code of Civil Procedure, if it is deemed to relate back, then the within motion is brought pursuant to section 2—1301 of the said Act."

On June 10, 1991, the section 2—1401 petition to vacate the judgment filed by Century 21 came before the trial court and the court entered an order vacating the April 8, 1991, judgment and resetting the matter for mandatory hearing. Subsequently, on August 30, 1991, the plaintiffs entered a special and limited appearance and filed a motion to vacate the order of June 10, 1991, alleging that the court lacked jurisdiction because, as a prerequisite to jurisdiction in a section 2—1401 petition, a moving party must serve the petition on the actual adverse party in conformity with Supreme Court Rule 105(b). 134 Ill. 2d R. 105(b).

Following submission of memoranda of law, an agreed order was entered on December 27, 1991, resetting the arbitration hearing to February 10, 1992. On February 10, 1992, no parties were present and the arbitrators entered an award in favor of Century 21 and against plaintiffs. On March 12, 1992, the trial court vacated the February 10, 1992, arbitration award.

On July 16, 1992, the court after considering briefs and arguments entered an order which provided:

"(1) the June 10, 1992 [*sic*] order is vacated, judgment to stand; (2) the $200 rejection fee previously paid by Century 21 shall be refunded by the Clerk of the Circuit Court; (3) enforcement of judgment herein shall be stayed until September 30, 1992."

On September 3, 1992, Century 21 filed another section 2—1401 petition to vacate arbitration award and to vacate judgment entered pursuant to arbitration award. This petition contains the same allegations which were set forth in both the March 25, 1991, motion and the May 10, 1991, petition. The March 25, 1991, motion, the May 10, 1991, petition, and the September 3, 1992, petition alleged *inter alia*:

"4. that a good meritorious defense *** is as follows:

C. The real estate contract which forms the basis of the said action is attached ***.

D. The deposit of the earnest money was made to Baird and Warner ***.

5. ***

* * *

D. Plaintiff's attorney had indicated that he was not taking action against the defendant ***.

***

F. \*\*\* [I]n reliance upon those representations and conversations, counsel for defendant did not file an answer to this cause \*\*\*.

G. That based on the said conversations and representations that no action would be taken against defendant \*\*\* counsel for defendant herein moving \*\*\* did not attend the arbitration hearing, and such failure to attend is, and should be excused and excusable on the basis that moving defendant had no reason to believe that any action would be taken against it, and no relief would be sought against it \*\*\*."

Notice of the September 3, 1992, petition was actually served on the Fialas as the adverse parties. By order dated September 24, 1991, the trial court denied the petition filed September 3, 1992, by Century 21, and this appeal is taken from the September 24, 1992, order.

OPINION

■ Plaintiffs contend that this appeal must be dismissed for lack of jurisdiction. Plaintiffs argue that Century 21's March 25, 1991, motion to vacate the arbitration award and/or to vacate the judgment entered pursuant to the arbitration award and the May 10, 1991, amended motion to vacate the judgment should be considered post-trial motions. According to plaintiffs, these motions were "implicitly denied" when the trial court entered an order on July 16, 1992, reaffirming the arbitration award and allowing the judgment entered in favor of the plaintiffs to stand. Plaintiffs contend that when Century 21 failed to appeal the July 16, 1992, order, the September 3, 1992, section 2—1401 petition became the second section 2—1401 petition that Century 21 filed, and, therefore, an appeal from a second and invalid petition should not vest this court with jurisdiction. Upon examination of the record and the convoluted history of this case, we do not deem it appropriate to dismiss this appeal based upon "implicit" denials of motions to vacate. Further, additional reasons exist why the appeal should not be dismissed.

The common-law record indicates that the trial court had before it the briefs and arguments relating to plaintiffs' claim that the court lacked jurisdiction to consider a section 2—1401 petition because notice had not been served on the Fialas. To support the contention that a court of appeal lacks jurisdiction to consider a second trial court ruling in this case, plaintiffs have cited the case of *Lodolce v. Central Du Page Hospital* (1991), 216 Ill. App. 3d 902, 576 N.E.2d 458. In *Lodolce*, a party sought to appeal from a second denial of relief even though no appeal had been taken from an earlier denial of relief. No jurisdictional issue existed regarding the first order denying relief. *Lodolce* is inapposite because the court, in that case, had juris-

diction when the first order denying relief was entered, while in the instant case, lack of jurisdiction was the basis of the court's ruling on the first petition Century 21 purported to file under section 2—1401. Accordingly, we proceed to a discussion of the merits of this appeal.

## I

Century 21 contends that the judgment of the trial court denying section 2—1401 relief should be set aside because the erroneous requirement of the clerk of court resulted in the denial of the motion to vacate the judgment entered on the arbitration award. We disagree.

■ Century 21 agrees that a party who does not appear at an arbitration hearing has no right to reject an award. (See *Balaban v. Gottfried* (1991), 220 Ill. App. 3d 535, 581 N.E.2d 205.) Supreme Court Rule 91 states:

> "The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award." 134 Ill. 2d R. 91.

In the *Balaban* case, the court wrote:

> "Plaintiff acknowledges Rule 91 but suggests that the trial court retains discretion to allow plaintiff to reject the arbitration award. Although no court has considered this question, we believe that the trial court had no choice but to grant defendant's motion to quash plaintiff's notice to reject the award. The language of Rule 91 is mandatory and is buttressed by Committee Comments which follow the rule:
>
> > 'To permit any party or counsel to ignore the arbitration hearing or to exhibit an indifference to its conduct would permit a mockery of this deliberate effort on behalf of the public, the bar and judiciary to attempt to achieve an expeditious and less costly resolution of private controversies.
> >
> > A party who knowingly fails to attend a scheduled hearing, either in person or by counsel, must be deemed to have done so with full knowledge of the consequences that inhere with this rule.' 134 Ill. 2d R. 91, Committee Comments." *Balaban*, 220 Ill. App. 3d at 536.

None of the several cases cited by Century 21 to support the contention that the judgment should be set aside because of the erroneous requirement of the clerk are applicable because none of the cases cited involve erroneous advice about supreme court rule requirements.

## II

Century 21 also contends that the judgment of the trial court

denying section 2—1401 relief should be set aside because a default judgment can be vacated even in the absence of diligence where defendant has a meritorious defense and actively pursues attempts to vacate a judgment order. We agree.

In order to be entitled to relief under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401), the petitioner must set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220-21, 499 N.E.2d 1381.) The quantum of proof necessary to sustain such a petition is a preponderance of the evidence, and whether the petition should be granted lies within the sound discretion of the trial court, depending upon the facts and equities presented. (*Airoom*, 114 Ill. 2d at 221.) A reviewing court is justified in disturbing the trial court's judgment only if it finds that the trial court abused its discretion. *Airoom*, 114 Ill. 2d at 221.

Due diligence requires that the section 2—1401 petitioner have a reasonable excuse for failing to act within the appropriate time; section 2—1401 does not afford a litigant a remedy whereby he may be relieved of the consequences of his own mistake or neglect, and he is not entitled to relief unless he shows that, through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. (*Airoom*, 114 Ill. 2d at 222.) The petitioner must show that his failure to defend is the result of an excusable mistake and that, under the circumstances, he acted reasonably and not negligently when he failed to resist the judgment. (*Airoom*, 114 Ill. 2d at 222.) In determining the reasonableness of the excuse offered by petitioner, all of the circumstances attendant upon entry of the default judgment must be considered, including the conduct of the litigants and their attorneys. *Halle v. Robertson* (1991), 219 Ill. App. 3d 564, 569, 579 N.E.2d 1243.

Century 21 contends that the failure to appear at the February 25, 1991, arbitration hearing should be excused in view of the circumstances in the case. Among the circumstances are: (1) Century 21 did not have control of the funds; (2) plaintiffs' motion for summary judgment admitted that only Baird and Warner had the funds, and that their (plaintiffs') dispute was with the Schulenbergs, not with Century 21; (3) counsel for Century 21 had conversations with the other attorneys in the matter, and it was represented that no action would be taken against Century 21 by their attorneys; and (4) counsel for Century 21 relied upon the representations when he did not

attend the arbitration hearing. Century 21 also contends that it (1) exercised due diligence in filing the section 2—1401 petition for relief and (2) has a meritorious defense.

We cannot condone the failure of Century 21 to appear at the arbitration hearing on February 10, 1990. However, the record discloses some extenuating circumstances. In particular, the record discloses that the plaintiffs pursued only the Schulenbergs and Baird and Warner from 1987 to 1991. The record further discloses that on October 19, 1990, when the plaintiffs, through their attorney James M. D'Amico, moved to set the matter for mandatory arbitration, the motion alleged:

> "(1) That Supreme Court Rule 86 mandates that when a civil action shall be submitted to arbitration if each claim therein is exclusively for money in an amount or of a value not exceeding $15,000, exclusive of interest and costs.
>
> (2) That the Claim herein is limited to an amount of $15,000 on all counts, and consequently should be sent out for an arbitration hearing.
>
> (3) That this matter currently has a May 6, 1991, trial date.
>
> (4) That this is the exact type of proceeding arbitration has been designed for an alternative to time consuming and costly protracted trials ***."

■ The record establishes that the controversy regarding the $15,000 escrow was clearly resolved when the parties to the escrow agreement stipulated to the distribution of the funds in controversy and the subsequent distribution thereof. Nevertheless, the plaintiffs were awarded an additional $9,500 by the arbitrators when Century 21 failed to appear. Since the complaint sought the return of the $15,000 deposit and the deposit had been disbursed by stipulation between plaintiffs and all other defendants, plaintiffs were not entitled to an additional arbitration award of $9,500 against Century 21. In addition to having a meritorious defense, the record indicates that after the arbitrator's award on February 25, 1991, Century 21 began to act diligently, seeking to set aside the award and judgment.

Diligence at the time of entry of the judgment is not the only consideration where defendant has a meritorious defense and actively pursues attempts to vacate a judgment order. See *Cohen v. Wood Brothers Steel Stamping Co.* (1991), 227 Ill. App. 3d 354, 592 N.E.2d 59; *Yates v. Barnaby's of Northbrook* (1991), 218 Ill. App. 3d 128, 578 N.E.2d 174; *Halle*, 219 Ill. App. 3d 564, 579 N.E.2d 1243; *Zee Jay, Inc. v. Illinois Insurance Guaranty Fund* (1990), 194 Ill. App. 3d 1098, 552 N.E.2d 1027.

## III

Century 21 asserts that the judgment was entered under circumstances which are unfair, unjust and unconscionable. We agree.

■ The equitable powers of the court are invoked by section 2—1401 petitions in order to prevent the enforcement of a default judgment when it would be unfair, unjust or unconscionable. (*Airoom*, 114 Ill. 2d at 225.) The interest of fairness and substantial justice compel the exercise of the equitable powers of this court. (*Cohen*, 227 Ill. App. 3d at 360; *Halle*, 219 Ill. App. 3d at 569.) In this case, the circuit court abused its discretion in denying relief pursuant to Century 21's section 2—1401 petition.

For the foregoing reasons, we reverse and remand the judgment of the trial court denying the section 2—1401 petition of the defendant, Century 21.

Reversed and remanded.

GORDON, P.J., and MURRAY, J., concur.