# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Cavalry Portfolio Services v. Rocha, 2012 IL App (1st) 111690**

---

| | |
|---|---|
| Appellate Court Caption | CAVALRY PORTFOLIO SERVICES, Plaintiff-Appellee, v. GERARDO ROCHA, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-11-1690 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | September 17, 2012<br><br>October 17, 2012<br>October 22, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action to collect an assigned debt where the judgment entered for plaintiff incorrectly stated that a trial was held, even though defendant did not appear for trial and an *ex parte* judgment was entered, the denial of defendant's petition under section 2-1401 of the Code of Civil Procedure to vacate the judgment was reversed and the cause was remanded, since defendant had a meritorious claim that the assignments of the debt did not comply with section 8b of the Collection Agency Act. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-M1-165794; the Hon. Rhoda D. Sweeney, Judge, presiding |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Robert Habib and Jason Knuckey, both of Chicago, for appellant.

Shindler Law Firm, of Schaumburg (Anthony P. Bernardi, of counsel), for appellee.

Panel

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.

Presiding Justice Hoffman and Justice Karnezis concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal arises from a judgment that was entered against defendant-appellant Gerardo Rocha (Rocha) on February 28, 2011, and also a May 16, 2011 order that denied Rocha's petition to vacate judgment pursuant to section 2-1401 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)). On appeal, Rocha argues that: (1) the trial court erred in denying his section 2-1401 petition to vacate the judgment because he presented a meritorious defense; (2) plaintiff-appellee Cavalry Portfolio Services (Cavalry Portfolio) failed to prove an account stated or that the parties entered into a contract; and (3) the trial court erred in denying his section 2-1401 petition to vacate the judgment because he acted with due diligence in contesting the original action and filing the section 2-1401 petition. For the following reasons, we reverse the judgment of the circuit court of Cook County and remand the matter for further proceedings.

¶ 2                                   BACKGROUND

¶ 3    On July 20, 2010, Cavalry Portfolio filed a complaint against Rocha in the circuit court of Cook County alleging breach of contract. Cavalry Portfolio claimed that Rocha opened a credit card or line of credit account with Washington Mutual Bank and subsequently defaulted by failing to make payments, resulting in a balance due to Cavalry Portfolio in the amount of $12,320.20. The complaint alleged that Cavalry Portfolio was an assignee of Cavalry SPV I, LLC, and Cavalry SPV I, LLC, was an assignee of Washington Mutual Bank. Attached to the complaint were the following: account statements from Washington Mutual Bank stating that ownership of Rocha's account had been transferred to Chase Bank; and account statements from Chase Bank. Also attached to the complaint were: letters that assigned the rights, title, and interest of unspecified accounts from Chase Bank to Riverwalk Holdings, Ltd., from Riverwalk Holdings, Ltd., to Cavalry SPV I, LLC, and from Cavalry SPV I, LLC, to Cavalry Portfolio.

¶ 4    On September 2, 2010, Rocha was served by substitute service. On September 8, 2010, Rocha filed an appearance through counsel. On November 15, 2010, both parties appeared

and the matter was set for trial on February 28, 2011. Rocha was given 28 days to answer or otherwise plead. However, Rocha did not file an answer to the complaint. On February 28, 2011, neither Rocha nor Rocha's counsel appeared for trial and an *ex parte* judgment was entered against Rocha in the amount of $12,670.20. The trial court order indicates that a judgment was entered against Rocha, after trial. On May 5, 2011, Rocha filed a section 2-1401 petition to vacate the judgment. Rocha's section 2-1401 petition stated that he became aware of the judgment on May 2, 2011. The petition stated that Rocha had a meritorious defense because Cavalry Portfolio did not have standing to proceed pursuant to section 8b of the Collection Agency Act (Act) (225 ILCS 425/8b (West 2008)). The petition also stated that Rocha acted with due diligence in contesting the judgment by filing the petition as soon as he learned of the judgment. Attached to the petition was Rocha's affidavit, which stated that he had not incurred the expenses set forth in the complaint, he was not aware of who the plaintiff was, and he was never shown any documents transferring any of his accounts to the plaintiff.

¶ 5        On May 16, 2011, the trial court denied Rocha's section 2-1401 petition without a hearing. On June 14, 2011, Rocha filed a timely notice of appeal.

¶ 6                                                    ANALYSIS

¶ 7        On May 16, 2011, the trial court entered a final order denying Rocha's section 2-1401 petition to vacate the judgment entered against him on February 28, 2011. On June 14, 2011, Rocha filed a timely notice of appeal. This court has jurisdiction to consider Rocha's arguments on appeal pursuant to Illinois Supreme Court Rule 304(b)(3) (eff. Feb. 26, 2010).

¶ 8        We first examine Rocha's argument that the trial court erred in denying his section 2-1401 petition to vacate the judgment because he presented a meritorious defense. A petitioner is entitled to relief under section 2-1401 of the Code when he sets forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting the defense or claim to the trial court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief. *Fiala v. Schulenberg*, 256 Ill. App. 3d 922, 929, 628 N.E.2d 660, 665 (1993).

¶ 9        The parties suggest that we apply the abuse of discretion standard of review to the trial court's ruling denying Rocha's section 2-1401 petition. We note that a recent supreme court decision, *People v. Vincent*, 226 Ill. 2d 1, 14, 871 N.E.2d 17, 26 (2007), held that when a trial court dismisses a section 2-1401 petition, or enters judgment on the pleadings of said petition without holding an evidentiary hearing, the standard of review to be applied is *de novo*. The *Vincent* court recognized that applying the *de novo* standard of review conflicted with prior case law that held that the abuse of discretion standard is to be applied to a trial court's ruling in those circumstances. *Id*. However, the court found that the application of the abuse of discretion standard was based on an erroneous belief that a section 2-1401 petition invoked the equitable powers of the court. *Id*. at 15, 871 N.E.2d at 27. The court reasoned that when the legislature abolished the common law writs in favor of the section 2-1401 statutory remedy, it became inaccurate to view the relief in strictly equitable terms. *Id*. at 16, 871 N.E.2d at 27. Because relief afforded by section 2-1401 is no longer purely discretionary, it

would be incorrect to apply the abuse of discretion standard for every disposition under section 2-1401 of the Code. *Id*.

¶ 10 However, many, more recent decisions of the appellate court have recognized that the *Vincent* decision dealt with a narrow issue under section 2-1401(f) in which a judgment was challenged for voidness. The *Vincent* decision did not involve the due diligence, meritorious defense, and two-year limitation requirements that apply to other actions brought under section 2-1401. *Rockford Financial Systems, Inc. v. Borgetti*, 403 Ill. App. 3d 321, 326-27, 932 N.E.2d 1152, 1158 (2010); see also *Blazyk v. Daman Express, Inc.*, 406 Ill. App. 3d 203, 206, 940 N.E.2d 796,798-99 (2010). The *Borgetti* court found that the allegation of voidness in *Vincent* had nothing to do with equitable principles. *Borgetti*, 403 Ill. App. 3d at 327, 932 N.E.2d at 1158. The court found that "equitable principles and the exercise of discretion still apply in section 2-1401 proceedings not involving judgments alleged to be void." *Id*. at 328, 932 N.E.2d at 1159. The *Borgetti* court reasoned that due diligence cannot be reviewed under the *de novo* standard because it is a mixed question of law and fact and is a fact-intensive inquiry suited to balancing and not bright lines. *Id*. at 324, 932 N.E.2d at 1156. The court held that a typical section 2-1401 analysis is two-tiered: (1) the issue of a meritorious defense is a question of law and subject to *de novo* review; and (2) if a meritorious defense exists, then the issue of due diligence is subject to abuse of discretion review. *Id*. at 327, 932 N.E.2d at 1159. We agree with the holding and reasoning in *Borgetti* and *Blazyk*. Thus, we apply the *de novo* standard in reviewing whether Rocha presented a meritorious defense in his section 2-1401 petition, and apply the abuse of discretion standard in reviewing whether he complied with the due diligence requirements of section 2-1401.

¶ 11 Rocha argues that Cavalry Portfolio did not have standing to bring suit against him because none of the account assignments in the complaint complied with section 8b of the Act. Section 8b of the Act states, in pertinent part:

"§ 8b. Assignment for collection. An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:

(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:

(i) the effective date of the assignment; and

(ii) the consideration for the assignment.

* * *

(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law." 225 ILCS 425/8b(a), (e) (West 2008).

Rocha also points out that "[i]mplicit in the statute is a third requirement that the contract of assignment specifically state the relevant identifying information for the account that is being assigned." *Unifund CCR Partners v. Shah*, 407 Ill. App. 3d 737, 744, 946 N.E.2d 885, 892 (2011).

¶ 12    In its complaint, Cavalry Portfolio claimed that it was an assignee of Cavalry SPV I, LLC, and Cavalry SPV I, LLC, was an assignee of Washington Mutual Bank. Attached to the complaint were account statements from Washington Mutual Bank stating that ownership of Rocha's account had been transferred to Chase Bank. Also attached to the complaint were letters that assigned the rights, title, and interest of unspecified accounts from Chase Bank to Riverwalk Holdings, Ltd., from Riverwalk Holdings, Ltd., to Cavalry SPV I, LLC, and from Cavalry SPV I, LLC, to Cavalry Portfolio. Upon review of the letters of assignment, it is clear that each assignment failed to comply with at least one aspect of the requirements of section 8b of the Act. Many of the assignments leading to the original complaint against Rocha failed to specify the consideration and the account number in question of either the assignor, assignee or Rocha, and failed to identify Rocha by name. Therefore, all of the letters of assignment attached to Cavalry Portfolio's complaint failed to comply with section 8b of the Act. Thus, Rocha's section 2-1401 petition presented a meritorious defense.

¶ 13    In response, Cavalry Portfolio does not attempt to rebut Rocha's argument that he has a meritorious defense to the original complaint. Rather, Cavalry Portfolio argues that Rocha forfeited his argument that he has a meritorious defense and that Cavalry Portfolio lacked standing to bring suit against him, because he failed to raise it in a timely manner before the trial court. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508, 524 N.E.2d 561, 582 (1988). Cavalry Portfolio also argues that Rocha's failure to file an answer or appear at trial resulted in Rocha having admitted the allegations in Cavalry Portfolio's complaint. In support of its argument, Cavalry Portfolio claims that the instant case is analogous to *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 940 N.E.2d 118 (2010).

¶ 14    In *Barnes*, the defendant was served with a complaint, but failed to answer the complaint. *Id*. at 3, 940 N.E.2d at 121. A default judgment was entered against the defendant. *Id*. The defendant then filed an emergency motion to stay the foreclosure sale. *Id*. After the property in question was sold, the defendant filed a section 2-1401 petition to vacate the foreclosure judgment because the plaintiff lacked standing and had no interest in the property. *Id*. The trial court denied the defendant's section 2-1401 petition. *Id*. The appellate court held that the defendant failed to timely raise the standing issue before the trial court where she failed to answer the complaint, was defaulted, participated in the proceedings by petitioning the court for a continuation of sale, and subsequently attempted to raise the standing issue after the foreclosure and sale. *Id*. at 6-7, 940 N.E.2d at 123. The court also held that because all well-pleaded allegations of a complaint are admitted by a defendant held in default, the defendant admitted that the plaintiff had standing. *Id*. at 7, 940 N.E.2d at 124. Thus, Cavalry Portfolio argues that pursuant to *Barnes*, Rocha forfeited his argument that Cavalry Portfolio lacked standing because he failed to raise it in a timely manner before the trial court. We do not agree.

¶ 15    We find that the facts in the instant case are distinguishable from the facts in *Barnes*. This is not a case in which Rocha participated in the proceedings by filing responsive pleadings and then subsequently raised the issue of standing. Rocha's first response to Cavalry Portfolio's complaint was his section 2-1401 petition, which raised the issue of Cavalry Portfolio's lack of standing. In his brief before this court, Rocha's counsel explains

that after Rocha's appearance was filed, his office inadvertently miscalendered the trial court's order that was entered on November 15, 2010. The court's order set the matter for trial and also gave Rocha 28 days to answer or otherwise plead. Rocha's counsel claims that because his office did not calendar the court's order, he and Rocha failed to file an answer or appear for trial. This explanation was not included in the section 2-1401 petition before the trial court. However, the petition did state that Rocha acted diligently in filing an appearance and contesting the action as soon as counsel was aware of the judgment entered against Rocha. Also, Rocha's section 2-1401 petition was filed well within two years after the entry of the trial court's judgment as required by the Code. See 735 ILCS 5/2-1401 (West 2010). On its face, Rocha's section 2-1401 petition shows that he presented his lack of standing argument to the trial court at the first opportunity of which he was aware, unlike the defendant in *Barnes*.

¶ 16    Moreover, unlike the defendant in *Barnes*, Rocha was not defaulted. Although Rocha failed to appear at trial, the record on appeal explicitly states: "[j]udgment for plaintiff after trial for $12,670.20 versus Gerardo Rocha." Nowhere in the trial court's order does it state that a default judgment was entered against Rocha. On the contrary, the trial court's order provides a line item for indicating whether the judgment is by default. The court, specifically, entered its order indicating that there was a trial. Therefore, the record does not support Cavalry Portfolio's assertion that the judgment against Rocha was entered by default, as that term is commonly understood. However, Cavalry Portfolio explicitly states in its brief before this court: "*Although Rocha did, in fact, fail to file an answer or otherwise plead, he was not defaulted. Rather, a judgment after trial was entered against him.*" (Emphasis added.) Cavalry Portfolio's argument suggests that for purposes of the validity of the judgment, there was a trial. On the other hand, for purposes of preventing Rocha from raising a defense, there was not. Cavalry Portfolio cannot have it both ways. Thus, we hold that Rocha did not forfeit his argument that Cavalry Portfolio lacked standing to bring suit against him.

¶ 17    Rocha also argues that he acted with due diligence in contesting the action. Section 2-1401 of the Code requires the petitioner to show due diligence in presenting his meritorious defense to the trial court in the original action and due diligence in filing a section 2-1401 petition for relief. *Fiala*, 256 Ill. App. 3d at 929, 628 N.E.2d at 665. In this case, Rocha's counsel first learned about the trial court's judgment on May 2, 2011, and filed his section 2-1401 petition on May 5, 2011. Thus, it is clear that Rocha acted with due diligence in filing the section 2-1401 petition.

¶ 18    Cavalry Portfolio argues that Rocha failed to act with due diligence in presenting his defense to the trial court because he failed to file an answer to the complaint and failed to appear at trial. However, as Rocha points out, a trial court ruling denying section 2-1401 relief can be vacated even in the absence of diligence where the defendant has a meritorious defense and actively seeks to vacate the judgment. *Id*. More important than the due diligence requirement is the requirement that substantial justice be achieved. Illinois courts have repeatedly held:

    "One of the guiding principles *** of section 2-1401 relief is that the petition invokes the equitable powers of the circuit court, which should prevent enforcement of a default judgment when it would be unfair, unjust, or unconscionable. [Citations.] *** Because

a section 2-1401 petition is addressed to equitable powers, courts have not considered themselves strictly bound by precedent, and where justice and good conscience may require it a default judgment may be vacated even though the requirement of due diligence has not been satisfied." *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 225, 499 N.E.2d 1381, 1388 (1986) (citing *American Consulting Association, Inc. v. Spencer*, 100 Ill. App. 3d 917, 427 N.E.2d 579 (1981), *Manny Cab Co. v. McNeil Teaming Co.*, 28 Ill. App. 3d 1014, 329 N.E.2d 376 (1975), and *George F. Mueller & Sons, Inc. v. Ostrowski*, 19 Ill. App. 3d 973, 313 N.E.2d 684 (1974)).

The legal principles of the cases cited above are instructive in the analysis of the instant case. Like the defendants in the cases cited, Rocha suffered an adverse judgment without having appeared at trial, and it would be unjust to enforce the judgment in light of his meritorious defense. As previously discussed, Rocha has shown that *none* of the assignments attached to Cavalry Portfolio's complaint complied with section 8b of the Act. This is certainly a situation in which justice and good conscience require this court to reverse the trial court's order that denied Rocha's section 2-1401 petition to vacate the judgment. Thus, even if we were to agree with Cavalry Portfolio that Rocha failed to fulfill the due diligence requirement of section 2-1401, we would reverse the trial court's order based on the merits of Rocha's defense. We hold that the trial court abused its discretion in denying Rocha's section 2-1401 petition to vacate the judgment.

¶ 19    We note that Rocha also argues that he had a meritorious defense to the trial court's judgment because Cavalry Portfolio failed to prove an account stated and failed to prove that the parties entered into a contract. However, as Cavalry Portfolio points out, Rocha presented these arguments for the first time on appeal and thus they are forfeited. See *Carlson v. Glueckert Funeral Home, Ltd.*, 407 Ill. App. 3d 257, 261, 943 N.E.2d 237, 241 (2011). Therefore, these arguments were not considered and have no bearing on the resolution of this case.

¶ 20    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County that denied Rocha's section 2-1401 petition to vacate the judgment entered against him. We remand the matter to the trial court for further proceedings consistent with this opinion.

¶ 21    Reversed and remanded.