2026 IL App (1st) 252084-U
Order filed: May 6, 2026

FIRST DISTRICT
THIRD DIVISION

No. 1-25-2084

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| LAITH SAUD, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20 L 11421 |
| | ) | |
| DEPAUL UNIVERSITY, KAREN TAMBURRO, and MARLA MORGEN, | ) | Honorable Jonathan C. Green, Judge, presiding. |
| Defendants-Appellees. | ) | |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Martin and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Denial of section 2-1401 petition for relief from judgment is affirmed, where circuit court did not abuse its discretion in finding plaintiff failed to show due diligence.

¶ 2    Plaintiff-appellant, Laith Saud, appeals from the denial of his petition for relief from judgment, which he filed pursuant to section 2-1401 of the Code of Civil Procedure (Code). 735 ILCS 5/2-1401 (West 2024). For the following reasons, we affirm.

¶ 3    Saud is a former professor teaching at defendant-appellee, DePaul University (DePaul). After a former student made certain allegations against Saud, DePaul did not invite him back to teach.

¶ 4     On June 12, 2019, Saud filed suit in the United States District Court for the Northern District of Illinois against DePaul and two former employees, defendants-appellees, Marla Morgen and Karen Tamburro, asserting claims under both state and federal law. ("Saud I"). The federal court dismissed the state law claims for lack of subject matter jurisdiction.

¶ 5     On October 23, 2020, Saud refiled his state law claims in the Circuit Court of Cook County (Case No. 2020 L 011421), pursuant to section 13-217 of the Code. 735 ILCS 5/13-217 (West 2020). ("Saud II"). The complaint sought relief for breach of contract, breach of fiduciary duties, promissory estoppel, false light invasion of privacy, and intentional infliction of emotional distress. Saud II was assigned to Calendar F with Judge Moira S. Johnson. Defendants moved to dismiss the case in December 2020, but the court did not rule on the motion. Instead, the case languished on the court's docket, with indications in the record that this was in part due to defendants' failure to follow standing orders regarding the submission of courtesy copies to the court.

¶ 6     On January 9, 2023, the circuit court dismissed Saud II for want of prosecution (the "First DWP"). Saud moved to vacate the First DWP, which the court granted in an order entered on January 18, 2023. In an order entered on February 1, 2023, the matter was set for trial in August 2023.

¶ 7     Nevertheless, just over a month later, on March 3, 2023, the circuit court *sua sponte* entered a second order dismissing Saud II for want of prosecution (the "Second DWP"), for the following reasons:

"[N]o activity from January 25, 2021 to January 9, 2023, failure to submit courtesy copies on two fully briefed motions as required by the assigned Motion Judge's Procedures, failure to contact the Court regarding setting a hearing on the motions, failure to contact

the Court regarding setting a case management date for the case, failure to submit a CMC scheduling order, as required by Paragraph 3.11(E) of GAO 20-9[.]

\* \* \*

The parties will not be prejudiced by this second order of dismissal for want of prosecution, since the plaintiff has the right to refile the lawsuit pursuant to 735 ILCS 5/13-217."[1]

Saud did not appeal the Second DWP.

¶ 8    On December 8, 2023, Saud refiled his state law claims for a second time, which was assigned Case No. 2023 L 012405 on Calendar F ("Saud III"). He then moved for substitution of judge as of right, which was granted on February 15, 2024. Saud III was reassigned to Judge John J. Curry on Calendar I.

¶ 9    On February 16, 2024, defendants filed a motion to dismiss Saud III, which included an argument that section 13-217 of the Code barred Saud's second refiling of the same claims.

¶ 10    On March 29, 2024, while the motion to dismiss Saud III was pending, Saud filed a motion before Judge Johnson on Calendar F to vacate the Second DWP in Saud II, pursuant to section 2-1301 of the Code. 735 ILCS 5/2-1301 (West 2022). On May 2, 2024, defendants moved to strike Saud's motion to vacate because: (1) the prior substitution order deprived Calendar F of jurisdiction, and (2) the motion was untimely because Saud failed to file it within the required 30 days of the Second DWP, further depriving Calendar F of jurisdiction.

---

[1] Section 13–217 of the Code provides plaintiffs with the absolute right to refile their complaint within one year or within the remaining period of limitations, whichever is greater. 735 ILCS 5/13-217 (West 2024). Our supreme court has interpreted section 13–217 as permitting only one refiling even in a case where the applicable statute of limitations has not yet expired. *Timberlake v. Illini Hospital*, 175 Ill. 2d 159, 163 (1997).

¶ 11     On July 25, 2024, Judge Curry dismissed Saud III with prejudice pursuant to section 13-217 of the Code. The court rejected Saud's argument that the language in the Second DWP stating that Saud had a right to refile his claims permitted him to refile these claims for a second time. Specifically, the court concluded that "[t]here is no basis in law, and none either reasonably or persuasively argued by Saud, to allow this Court to salvage Saud's claim on account of his imprudent reliance on a prior circuit court judge's inaccurate assessment of Saud's rights under procedural law." Saud did not file a section 2-1401 petition at that time.

¶ 12     On July 31, 2024, the parties appeared before Judge Johnson in Saud II on Saud's section 2-1301 motion to vacate the Second DWP and defendants' motion to strike that motion. Based on Judge Curry's dismissal order in Saud III, Judge Johnson orally granted the motion to strike and denied the motion to vacate. At the hearing, Saud's attorney stated that her next step would be to file section 2-1401 petitions with both Judge Johnson and Judge Curry. On August 6, 2024, Judge Johnson entered a written order confirming the oral ruling and reiterating Judge Curry's determination that "there is 'no basis in law' that would 'allow this Court to salvage [Saud]'s claim on account of his imprudent reliance on a prior circuit court judge's inaccurate assessment of [Saud]'s rights under procedural law.' " Saud did not appeal any of the foregoing orders.

¶ 13     On January 3, 2025, Saud filed a "Petition for Relief from Judgment" in Saud II, pursuant to section 2-1401 of the Code. On February 4, 2025, the circuit court struck Saud's petition from its motion call because the case was closed and further motions could not be filed.

¶ 14     Saud refiled his petition on February 5, 2025. On February 24, 2025, Saud filed a petition for substitution of judge for cause. In an order entered on February 27, 2025, the presiding judge: (1) denied Saud's petition for substitution of judge, concluding he failed to establish bias by Judge Johnson, and (2) transferred the case back to Calendar F.

¶ 15    On June 16, 2025, Saud moved to transfer Saud II to Calendar I, asserting that the substitution order entered in 2024 required Calendar I to hear and decide his section 2-1401 petition. On June 24, 2025, Judge Johnson granted the motion and transferred Saud II to Calendar I.

¶ 16    On September 18, 2025, the circuit court (Judge Jonathan C. Green, now on Calendar I) denied Saud's section 2-1401 petition. First, the court found that Saud failed to act with due diligence by taking no action in Saud II for more than two years between December 2020 to January 2023. Second, the court found that Saud failed to act with due diligence by waiting five months to file his section 2-1401 petition. The court also concluded that Saud imprudently relied on the misstatement in the Second DWP that he could refile his claims. The court's written order stated it was denying Saud's section 2-1401 petition "for lack of diligence[.]" On October 14, 2025, Saud filed this appeal.

¶ 17    On appeal, Saud contends that the circuit court improperly denied his section 2-1401 petition. We disagree.

¶ 18    Section 2-1401 provides a statutory procedure whereby final orders may be vacated after 30 days from the entry thereof. 735 ILCS 5/2-1401 (West 2024). The petition is to be filed in the same proceeding in which the order was entered but constitutes a new proceeding. *Id*. § 2-1401(b). To be entitled to relief under section 2-1401, the petitioners must set forth and ultimately prove specific factual allegations supporting each of the following elements: (1) the existence of a meritorious claim or defense; (2) due diligence in presenting the claim or defense to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition. *Smith v. Airoom, Inc*., 114 Ill. 2d 209, 221(1986). The quantum of proof necessary to sustain such a petition is a preponderance of the evidence. *Fiala v. Schulenberg*, 256 Ill. App. 3d 922, 929 (1993). Where,

as here, the court denies the petition due to the failure to exercise due diligence, we review the court's decision for an abuse of discretion. *Cavalry v. Portfolio Services v. Rocha*, 2012 IL App (1st) 111690, ¶ 10.

¶ 19    As an initial matter, we agree with Saud and with the circuit court below that the procedural history of this matter is both long and complex. On appeal, the parties spend a large portion of their briefs debating the intricacies and ultimate significance of the long procedural path this matter has traversed. We, however, need not address all this history to resolve this appeal. As noted above, one of the essential requirements Saud had to establish to be entitled to relief was due diligence in filing the section 2-1401 petition. The procedural history relevant to that issue is clear and concise. And that history leads us to conclude that the circuit court did not abuse its discretion in denying Saud's petition for relief pursuant to section 2-1401 of the Code.

¶ 20    Due diligence requires that the section 2-1401 petitioners have a reasonable excuse for failing to act within the appropriate time. *Fiala*, 256 Ill. App. 3d at 929. Section 2-1401 does not relieve petitioners of their own mistakes or negligence in failing to prosecute their case; petitioners are not entitled to relief unless they show that their failure to prosecute the claim was through no fault or negligence of their own. *Id.*

¶ 21    Here, the record is clear that on July 25, 2024, Judge Curry dismissed Saud III with prejudice pursuant to section 13-217 of the Code. The court rejected Saud's argument that the language contained in the Second DWP entered in Saud II, incorrectly stating that Saud could refile his claims, allowed him to file for a third time. Specifically, the court concluded that "[t]here is no basis in law, and none either reasonably or persuasively argued by Saud, to allow this Court to salvage Saud's claim on account of his imprudent reliance on a prior circuit court judge's inaccurate assessment of Saud's rights under procedural law." If not before, this ruling clearly put

Saud on notice of the need to file a section 2-1401 petition in Saud II. However, such a petition was not filed until January 3, 2025, over *five months* later.

¶ 22    In denying that petition, the circuit court cited several cases finding that delays of two to five months in filing such a petition show a lack of due diligence. See *Cooper v. United Dev. Co*., 122 Ill. App. 3d 850, 856-57 (1984) (two months); *Domingo v. Guarino*, 402 Ill. App. 3d 690, 702 (2010) (five months); *Zeman v. Alvarez Diaz*, 2021 IL App (1st) 200797, ¶¶ 44-46 (three months); *Abbell v. Munfield*, 76 Ill. App. 3d 384, 387–88 (1979) (five months); *Department of Public Works & Buildings v. O'Hare International Bank*, 44 Ill. App. 3d 934, 937 (1976) (three months); *Ingram v. MFA Insurance. Co*., 18 Ill. App. 3d 560, 568 (1974) (over four months). Here, the delay was at least as great or greater than the delay referenced in these cases.

¶ 23    We recognize that "[n]o bright-line rule exists for judging whether a petitioner has acted diligently [in pursuing relief under section 2-1401]. Rather, due diligence is judged by the reasonableness of the petitioner's conduct under all of the circumstances." *Paul v. Gerald Adelman & Associates, Ltd*., 223 Ill. 2d 85, 99 (2006). Two principles should be considered: "first, that a petitioner seeking relief from judgment must do so expeditiously; and second, that the due-diligence inquiry is, in the end, case specific." *Id*. at 101. Setting the five-month delay in filing the petition to one side, the case-specific circumstances present here are not helpful to Saud.

¶ 24    Specifically, on July 31, 2024, six days after Judge Curry dismissed Saud III with prejudice, the parties appeared in Saud II before Judge Johnson on Saud's motion to vacate and defendants' motion to strike. Based on Judge Curry's July 25, 2024, dismissal order in Saud III, Judge Johnson granted the motion to strike and denied the motion to vacate. At the hearing before Judge Johnson, Saud's attorney specifically represented that her next action would be to file section 2-1401 petitions with both Judge Johnson and Judge Curry. Judge Johnson invited Saud's

counsel to do so, but five months elapsed before the petition at issue here was filed. Neither the record nor plaintiff's briefs on appeal provide a convincing explanation for that delay.

¶ 25    Ultimately, the question of Saud's due diligence in filing the section 2-1401 petition was one for the circuit court to decide in an exercise of its discretion. "An abuse of discretion occurs when the circuit court's decision is arbitrary, fanciful, unreasonable, or no reasonable person would agree with the decision." *People v. Rodriguez*, 2023 IL App (3d) 230450, ¶ 11. On the record before us, we cannot say that the denial of Saud's petition, based on a lack of due diligence in filing the petition, met this standard and amounted to an abuse of discretion.

¶ 26    In reaching this conclusion, we make two final points. First, before this court Saud appeals to broader notions of equity and contends that he need not satisfy the due diligence requirements in this matter where it was the court's own language in the Second DWP order and purported dilatory actions on the part of defendants, prior to filing the section 2-1401 petition, that caused the situation Saud now finds himself in. We disagree. Saud's arguments here clearly present a "fact-dependent challenge to a final judgment or order [that] must be resolved by considering the particular facts, circumstances, and equities of the underlying case." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 50. Our supreme court has made it clear that such challenges are to be resolved by application of the traditional standards outlined above, including the requirement that a petition show due diligence. *Id*. For the reasons discussed above, the circuit court did not abuse its discretion in concluding that these standards were not met in this matter.

¶ 27    Finally, we note that one of the procedural peculiarities presented by this case is that after Saud filed his section 2-1401 petition, defendants responded by filing a motion to dismiss. However, the record is clear that the circuit court ultimately treated this motion as defendants'

response to the petition and *denied* rather than *dismissed* the petition following oral argument from the parties. Our supreme court has made it clear that "[w]here, as here, the facts sufficient to support the grant of relief under section 2–1401 are challenged by the respondent, a full and fair evidentiary hearing must be held." *Smith*, 114 Ill. 2d at 223. No such evidentiary hearing was held in this matter.

¶ 28    Nevertheless, our supreme court has also recognized that a party may "waive[] its right to an evidentiary hearing involving the testimony of witnesses and the opportunity to cross-examine." *Id*. Here, there is no indication in the record that Saud requested an evidentiary hearing below. Moreover, Saud has not raised any issue as to the lack of such a hearing on appeal. This issue has therefore been forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (Appellant's brief shall include an argument containing the appellant's contentions, the reasons therefor, citation of the authorities, and the pages of the record relied on, and points not argued in opening appellate brief "are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 29    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 30    Affirmed.