2021 IL App (1st) 200853-U
No. 1-20-0853

SECOND DIVISION
June 22, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| FIAZE ISSA, Individually and as Administrator of the Estate of George Issa, Deceased, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| | ) | No. 18 L 13582 |
| v. | ) ) | |
| WILLIAM H. EGAN, M.D., and PRESENCE BEHAVIORAL HEALTH, formerly known as RESURRECTION BEHAVIORAL HEALTH, | ) ) ) ) | The Honorable Moira S. Johnson, Judge Presiding. |
| Defendants-Appellees. | ) | |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1        *Held:*  The trial court was not required to dismiss the plaintiff's section 2-1401 (735 ILCS 5/2-1401 (West 2018)) without prejudice where the defendants filed a motion to vacate the trial court's prior grant of plaintiff's 2-1401 petition and where the plaintiff did not request that his petition be dismissed without prejudice until filing a motion to reconsider.  To the extent that the trial court dismissed the plaintiff's already dismissed complaint, such dismissal was error.

¶ 2        Plaintiff, Fiaze Issa, both in his individual capacity and as administrator of the estate of

George Issa, appeals from the trial court's orders vacating the order granting him relief under

section 2-1401 of the Code of Civil Procedure ("Code") (735 ILCS 5/2-1401 (West 2018)),

dismissing his complaint under section 2-619 of the Code (735 ILCS 5/2-619 (West 2018)), and denying his motion to reconsider. For the reasons that follow, we affirm in part and reverse in part.

¶ 3                                                BACKGROUND

¶ 4        In January 2017, plaintiff filed a complaint for medical malpractice against defendants, William H. Egan, M.D., and Presence Behavioral Health ("Presence"), related to the death of plaintiff's brother, George Issa. That case, docketed as 17 L 15, was dismissed for want of prosecution in December 2017.

¶ 5        In December 2018, plaintiff refiled his claims in the present matter (18 L 13582). On February 20, 2019, following a case management conference, the trial court entered an order permitting plaintiff's attorney to withdraw and granting plaintiff's motion to voluntarily dismiss the case with prejudice. The record on appeal does not include written motions to withdraw or voluntarily dismiss the case or a transcript of the February 20, 2019, hearing. Accordingly, it is unclear what prompted plaintiff's counsel to withdraw or plaintiff to dismiss his claims.

¶ 6        In October 2019, plaintiff, with the aid of new counsel, filed a section 2-1401 petition to vacate the February 20, 2019, order dismissing his complaint with prejudice. In his petition, plaintiff stated that following the dismissal of 17 L 15 for want of prosecution, his prior counsel informed plaintiff that he no longer intended to be involved in the litigation, but agreed to refile the matter on his behalf before withdrawing. After refiling plaintiff's claims as the present matter, plaintiff's prior counsel failed to obtain service of the complaint on defendants. At the time plaintiff's prior counsel sought to withdraw, plaintiff did not understand that additional attempts at service could be made and that he would likely be afforded time to obtain new counsel. Accordingly, although present at the case management conference at which his prior

counsel sought leave to withdraw, plaintiff did not speak up when his prior counsel sought to voluntarily dismiss the case. Plaintiff also noted that although the February 20, 2019, order stated that the matter was dismissed with prejudice, the online case docket entry for February 20, 2019, indicated that the dismissal was without prejudice. The parties do not dispute that plaintiff did not provide defendants with proper notice of his 2-1401 petition.

¶ 7   On October 17, 2019, the trial court entered an order granting plaintiff's 2-1401 petition, thereby vacating the February 20, 2019, order and granting plaintiff leave to issue alias summonses for service of the complaint on defendants. Egan was subsequently served with the complaint on October 24, 2019, and Presence was served on November 4, 2019.

¶ 8   In January 2019, Egan filed his "Combined Motion to Vacate the Order Granting Plaintiff's 735 ILCS 5/2-1401 Petition & Dismiss Plaintiff's Re-filed Complaint Pursuant to 735 ILCS 5/2-619." In that motion, Egan argued that the trial court lacked jurisdiction to grant plaintiff's 2-1401 petition, because plaintiff failed to properly serve notice of his 2-1401 petition on defendants. Accordingly, Egan argued, the October 17, 2019, order granting plaintiff's 2-1401 petition was void and should be vacated. Because the October 17, 2019, order was void, Egan argued that the February 20, 2019, order dismissing plaintiff's complaint with prejudice remained in effect. As a result, Egan contended, plaintiff's "re-filed complaint"[1] was subject to dismissal under section 2-619(a)(4) of the Code (735 ILCS 5/2-619(a)(4) (West 2018)) as being barred by a prior judgment. In addition, Egan argued that because plaintiff refiled his claims

---

[1] In the trial court and on appeal, both defendants refer to a "re-filed complaint" filed by plaintiff. Although the context in which defendants use this term implies that plaintiff filed another, third complaint sometime after the October 17, 2019, order was entered, the record does not contain any such complaint, and defendants do not cite to any page in the record in support of such a position. Accordingly, we assume that when defendants refer to a "re-filed complaint," they are referring to the complaint plaintiff filed on December 18, 2018, which was a refiling of the complaint originally filed in 17 L 15.

when he filed his complaint in December 2018, he had exercised the one refiling permitted under section 13-217 of the Code (725 ILCS 5/13-217 (West 2018)) and, thus, dismissal of his "re-filed complaint" was also appropriate under section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2018)).

¶ 9    That same month, Presence also filed a "Motion to Vacate October 17, 2019 Order and to Dismiss Plaintiff's Complaint Pursuant to Dismissal Order Entered on February 20, 2019." In that motion, Presence made the same arguments as Egan made in his motion to vacate and dismiss.

¶ 10    In response to defendants' motions, plaintiff argued that the trial court's lack of personal jurisdiction over defendants did not preclude it from entering an order correcting the erroneous February 20, 2019, order. Plaintiff made no responsive arguments to defendants' arguments that his complaint was subject to dismissal under sections 2-619(a)(4) and (a)(9) of the Code.

¶ 11    On July 15, 2020, the trial court entered an order granting defendants' motions. Specifically, the trial court's order read as follows:

"IT IS HEREBY ORDERED THAT:

1. Defendant's, WILLIAM H. EGAN, M.D., Combined Motions to Vacate The Order Granting Plaintiff's 735 ILCS 5/2-1401 Petition & Dismiss Plaintiff's Re-Filed Complaint Pursuant to 735 ILCS 5/2-619(a)(4) are granted.

2. Defendant's, PRESENCE BEHAVIORAL HEALTH formerly known as RESURRECTION BEHAVIORAL HEALTH, Motions To Vacate October 17, 2019 Order and To Dismiss *** the Plaintiff's Complaint Pursuant to a Dismissal Order Entered February 20, 2019 and to 735 ILCS [2-619(a)(4) and (a)(9)] are granted.

3. The order entered October 17, 2019 which granted Plaintiff's Petition [under] 735 ILCS 5/2-1401 is vacated. The order of February 20, 2019 dismissing this matter with prejudice remains in effect. This Court did not have jurisdiction to grant Plaintiff's 735 ILCS 5/2-1401 [petition] presented on October 17, 2019 as there was no service upon Defendants WILLIAM H. EGAN, M.D. and PRESENCE BEHAVIORAL HEALTH formerly known as RESURRECTION BEHAVIORAL HEALTH pursuant to Illinois Supreme Court Rules 105 and 106."

¶ 12     Thereafter, plaintiff filed a motion to reconsider and modify the July 15, 2020, order. In it, he argued that the trial court should reconsider its order in light of the decision in *People v. Nitz*, 2012 IL App (2d) 091165. Plaintiff argued that *Nitz* required the trial court, instead of vacating its October 17, 2019, order, to dismiss plaintiff's 2-1401 petition without prejudice. Plaintiff also renewed his contention that the October 17, 2019, simply corrected the erroneous order of February 20, 2019.

¶ 13     After briefing by the parties, the trial court denied plaintiff's motion to reconsider, concluding that there were no new facts or law to support reconsideration and that it did not err in the application of the law. In addition, the trial court denied plaintiff's request that it modify the July 15, 2020, order to dismiss plaintiff's 2-1401 petition without prejudice.

¶ 14     Plaintiff then filed this timely appeal.

¶ 15                                    ANALYSIS

¶ 16     On appeal, plaintiff argues that the trial court erred in its July 15, 2020, order, by (1) vacating the October 17, 2019, order rather than dismissing plaintiff's 2-1401 petition without prejudice and (2) by dismissing plaintiff's complaint under sections 2-619(a)(4) and (a)(9) of the

Code. Plaintiff also argues that the trial court erred in denying his motion to reconsider. We address each of these contentions in turn.

¶ 17 Plaintiff first contends that on July 15, 2020, the trial court erred in vacating its October 17, 2019, order granting him 2-1401 relief rather than simply dismissing his 2-1401 petition without prejudice. According to plaintiff, he should have been afforded the opportunity to refile his 2-1401 petition and effect proper service on defendants. Notably, plaintiff did not raise this contention in response to defendants' motions to vacate and dismiss or at any other point prior to the trial court's entry of the July 15, 2020, order. In fact, it appears from the record on appeal that the first and only time plaintiff argued that the trial court was obligated to dismiss his 2-1401 petition without prejudice was in his motion to reconsider. Because issues may not be raised for the first time in a motion to reconsider, plaintiff's contention in this respect is waived. *Krueger v. Lewis*, 359 Ill. App. 3d 515, 520 (2005) ("Because plaintiff raised this argument for the first time in her motion to reconsider, she waived her right to raise this issue on appeal.").

¶ 18 Waiver aside, the only authority plaintiff cites in support of this contention is *Nitz*. In *Nitz*, the defendant filed a 2-1401 petition but failed to serve it on the State. 2012 IL App (2d) 091165, ¶¶ 4-5. The trial court *sua sponte* dismissed the petition on the basis that it did not contain any new evidence. *Id.* ¶ 6. On appeal, the defendant argued that the trial court erred in dismissing the petition because the 30-day response period had not yet elapsed. *Id.* ¶ 8. The Second District concluded that the trial court did not err in dismissing the defendant's petition, because it was deficient in that it was not served on the State. *Id.* ¶ 13. It also concluded, however, without any real substantive discussion, that the trial court should have dismissed the petition without prejudice. *Id.* ¶ 15.

¶ 19 Although *Nitz* supports the proposition that when a trial court is faced with the question of whether a 2-1401 petition that was not properly served on the responding party should be dismissed, the proper answer is that it should be dismissed without prejudice. Defendants' motions to vacate and dismiss, however, did not present the trial court here with the question of whether to dismiss plaintiff's 2-1401 petition, either with or without prejudice. Instead, plaintiff's 2-1401 petition had already been granted, and the trial court was simply presented with the question of whether that grant of relief should be vacated. *Nitz* does not mandate that in the face of a motion to vacate, the trial court was obligated to instead dismiss plaintiff's already resolved 2-1401 petition without prejudice. We think this is especially true where, as here, plaintiff did not suggest—at least at any point prior to filing his motion to reconsider—that his 2-1401 petition be dismissed without prejudice as an alternative to vacating the October 17, 2019, order as requested by defendants. Accordingly, we conclude that, under these circumstances, the trial court did not commit reversible error by failing to dismiss plaintiff's 2-1401 petition without prejudice.

¶ 20 Plaintiff next argues that the trial court erred in granting defendants' motions to dismiss his complaint pursuant to sections 2-619(a)(4) and (a)(9). According to plaintiff, the appropriate relief for his procedural misstep of failing to serve his 2-1401 petition on defendants was to vacate the October 17, 2019, order, not grant a substantive adjudication by dismissing plaintiff's claims under sections 2-619(a)(4) and (a)(9). Plaintiff further argues that the vacation of the October 17, 2019, order placed the case in the position it occupied prior to the trial court's grant of plaintiff's 2-1401 petition, *i.e.*, dismissed with prejudice pursuant to the February 20, 2019, order. Thus, after the trial court vacated the October 17, 2019, there was no complaint left pending to dismiss pursuant to sections 2-619(a)(4) and (a)(9).

¶ 21    As an initial matter, we note that the record on appeal is not entirely clear that the trial court did, in fact, grant defendants' requests that plaintiff's "re-filed complaint" be dismissed under sections 2-619(a)(4) and (a)(9). Although the July 15, 2020, order stated that defendants' motions to vacate and dismiss were granted, it specifically ordered that the October 17, 2019, order be vacated. In contrast, the trial court did not make any specific statement that it was granting defendants' 2-619 motion to dismiss or on what basis (section 2-619(a)(4) or (a)(9)) such a dismissal would have been made. Accordingly, the record is, at best, ambiguous as to whether the trial court granted defendants' motion to dismiss plaintiff's complaint.

¶ 22    To the extent that the trial court did intend to dismiss plaintiff's complaint pursuant to sections 2-619(a)(4) and/or (a)(9), we conclude that such dismissal was improper. First, after the trial court vacated the October 17, 2019, order, there was no pending complaint to dismiss. The October 17, 2019, order granting plaintiff's 2-1401 petition vacated the February 20, 2019, order that had dismissed plaintiff's complaint with prejudice. Accordingly, when the trial court vacated the October 17, 2019, order, the effect was, essentially, to reinstate the February 20, 2019, order dismissing plaintiff's complaint with prejudice. Thus, once the trial court vacated the October 17, 2019, order, there was no longer any pending complaint that could be dismissed. Given that there was no pending complaint that could be the subject of defendants' motions to dismiss, any order granting those motions to dismiss would be improper and have no effect.

¶ 23    Second, section 2-619(a)(4) of the Code provides for the dismissal of a pleading on the basis that the cause of action is barred by a prior judgment. The prior judgment on which defendants rely is the February 20, 2019, order that dismissed plaintiff's complaint with prejudice. We think it is readily apparent that plaintiff's complaint, which was filed in December 2018, cannot have been both dismissed and barred by the February 20, 2019, order.

¶ 24    Finally, defendants' contention that plaintiff's complaint should be dismissed under section 2-619(a)(9) of the Code because plaintiff exhausted his one permitted refiling under section 13-217 of the Code also fails.  It is undisputed that plaintiff's complaint in this matter, filed in December 2018, was a refiling of the voluntarily dismissed complaint filed in 17 L 15. Accordingly, by refiling his claims from 17 L 15 in the present case, plaintiff utilized his one permitted refiling under section 13-217 of the Code.  Defendants do not cite to and we cannot find in the record on appeal anything that suggests that plaintiff attempted to file those same claims a third time following the October 17, 2019, order.  Accordingly, defendants' contention that plaintiff attempted an impermissible second refiling is without merit.

¶ 25    Accordingly, although the record is ambiguous as to whether the trial court actually intended to grant defendants' motions to dismiss, to prevent any potential future confusion, we hold that to the extent that the trial court granted defendants' motions to dismiss pursuant to sections 2-619(a)(4) and/or (a)(9) of the Code, that portion of the order was made in error and must be reversed.

¶ 26    Plaintiff's final contention on appeal is that the trial court erred in denying his motion to reconsider and modify.  In support of this argument in his opening brief on appeal, plaintiff merely describes the arguments he made in his motion to reconsider, but does not offer any substantive argument or cite any authority in support of his position that the trial court's denial of his motion to reconsider was error.  Accordingly, plaintiff has waived this contention on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (requiring that the argument section of appeals briefs "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"); *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009) ("The failure to assert a well-reasoned argument supported by legal authority is

a violation of Supreme Court Rule 341(h)(7) [citation], resulting in waiver."); *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986) ("A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research.").

¶ 27    We note that in his reply briefs, plaintiff argues that if the trial court had considered the decision in *Nitz*, which he did not raise in the trial court until his motion to reconsider, it would have dismissed his 2-1401 petition without prejudice rather than vacating the October 17, 2019, order granting him 2-1401 relief. As discussed above, however, the decision in *Nitz* does not require a trial court presented with a motion to vacate and no request for dismissal to *sua sponte* dismiss without prejudice an already resolved 2-1401 petition.

¶ 28    Before concluding, we pause to note the oddity, based on the record before us, of the conduct of plaintiff's prior counsel in obtaining the February 20, 2019, order, which both permits prior counsel to withdraw and grants the voluntary dismissal with prejudice of plaintiff's complaint. From the outside, it appears quite irregular that counsel would simultaneously withdraw and seek the dismissal with prejudice of plaintiff's causes of action, especially where counsel should have recognized that such a dismissal could act as a subsequent bar under section 13-217 of the Code of plaintiff's further pursuit of those claims. One would think that if plaintiff wished to abandon his claims against defendants once and for all by dismissing them with prejudice, there would be no need for counsel to also withdraw, as the litigation would terminate. That being said, the record on appeal offers no explanation or insight into counsel's actions, as it does not contain any written motions to withdraw or voluntarily dismiss the matter or a transcript of the proceedings on February 20, 2019. Although the record before us is insufficient to solve

this mystery, we felt it necessary to note that the irregularity—which is surely glaring to the reader—was not lost on us but that we have no additional information to explain it.

¶ 29     In sum, we conclude that the trial court did not err in failing to dismiss plaintiff's 2-1401 petition without prejudice or denying plaintiff's motion to reconsider.  We also conclude that to the extent that the trial court granted defendants' motions to dismiss plaintiff's complaint pursuant to sections 2-619(a)(4) and/or (a)(9) of the Code, such an order was made in error and must be reversed.  We note, however, that such a reversal does not affect the procedural posture of plaintiff's underlying claims, which remain dismissed with prejudice pursuant to the February 20, 2019, order.

¶ 30                                CONCLUSION

¶ 31     For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed in part and reversed in part.

¶ 32     Affirmed in part, reversed in part.